UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MIDAMINES SPRL LTD. (Ill. Corp.),
Plaintiff,

No. 18-cv-8226

v.

Hon. John J. Tharp, Jr.

KBC BANK N.V.
Defendant.
_____/

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 28 U.S.C. 1447(c) RELATIVE TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT**

Plaintiff, Midamines Sprl Ltd., respectfully moves for attorney's fees pursuant to 28 U.S.C. 1447(c) against defendants and in support thereof states as follows:

### INTRODUCTION

The removal action presently before the Court is nothing more than another delay tactic by defendants to escape paying the funds which the KBC Bank blatantly stole from the Plaintiff's Illinois bank account in the amount of $35,110.72. Defendants unreasonably refuse to return Midamines Sprl Ltd.'s money. It is the unlawful and tortious conduct of KBC Bank and KBC Group that has necessitated litigation.

**I. KBC's Defective Notice of Removal**

Defendants' Notice of Removal (Doc. 1) on December 14, 2018 was defective and removal was not effected as the Defendants KBC Bank NV and KBC Group NV – failed to: "[p]romptly . . . file a copy of the notice with the clerk of such State court", as was required by 28 U.S.C. § 1446(d). Removal jurisdiction is based entirely on statutes, which are to be strictly construed in keeping with congressional intent to limit the right of removal out of concern for state courts' independent jurisdiction. See e.g., *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Cook v. Weber*, 698 F. 2d 907, 909 (7th Cir. 1983).

1

**II. Plaintiff's Amended Complaint Pending in the State Court Shows That There Is: (1) No Federal Question (2) No Diversity Jurisdiction (3) No Basis for Removal**

Plaintiff is the master of its complaint. *Garbie v. Daimler Chrysler Corp.*, 211 F.3d 407, 410 (7 Cir. 2000). Plaintiff had the right to file its Amended Complaint in Illinois state court on December 17, 2018 - because the Illinois state court had jurisdiction at that time, and the purported Notice of Removal by KBC was defective, and the attempted "removal" had not been effected on December 14, 2018, because KBC did not file promptly on December 14, 2018 the required Notice of Removal with the Illinois state court pursuant 28 U.S.C. § 1446(d). The state court had jurisdiction on December 17, 2018 at the time Plaintiff filed its Amended Complaint and the Amended complaint controls herein. KBC's purported Notice of Removal was defective and not effective from the start on December 14, 2018. Plaintiff had the right to choose its forum. The Seventh Circuit stated that: "Courts should interpret the removal statute narrowly and presume that the Plaintiff may choose his or her own forum". *Doe v. Allied Signal, Inc.*, 985 F. 2d 908, 911 (7th Cir. 1993). There is a strong presumption in favor of remand. Additionally, any doubt regarding jurisdiction should be resolved in favor of the states. *Jones v. Gen. Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976)). Chronologically, this matter progressed as such:

- A. On December 14, 2018, KBC files a defective Notice of Removal that is not effective and does not effect removal - as KBC did not promptly file the Notice of Removal in state court as required by 28 U.S.C. 1446(d).

- B. On December 17, 2018, Plaintiff, Midamines Sprl Ltd., filed its Amended Complaint in Illinois state court in Cook County, Law Division, Case No. 2018L012435 *Midamines Sprl Ltd. v. KBC Bank NV*, before the Honorable Diane M. Shelley. A true and accurate copy of the Amended Complaint is attached herein.

- C. On December 18, 2018 Plaintiff filed an Opposition and Motion to Remand.

- D. KBC realized its defects and understood it had a defective Notice of Removal and knew it had not completed the required steps for "removal" and so KBC rushed to the state court to file on December 18, 2018 an untimely Notice of Removal in state court – but KBC did this only **after the Plaintiff's Opposition and Motion to Remand.**

KBC's attempted "removal" was not effective and was defective on December 14, 2018 and remains defective. The Amended Complaint in the Illinois state court was filed on December 17, 2018, <u>before</u> KBC's attempt to "remedy" its defective "removal" on December 18, 2018 by an untimely filing in state court. Plaintiff filed its Amended Complaint on December 17, 2018 and the Illinois state court had jurisdiction at that time – and "removal" had not been effected by KBC. As defendants are aware the Amended Complaint seeks payment of one Cashier's check for $35,110.72. Defendants are also aware that: (a) there are no RICO claims and no federal questions in the Amended Complaint in the state court and the initial pleading is no longer applicable; and (b) the present claims in the Illinois state court are entirely governed by state law, and (c) diversity jurisdiction is not available because the amount in controversy is less than $75,000, exclusive of interest and costs, the jurisdictional amount is not met under 28 USC 1332(a)(2). On December 18, 2018, Plaintiff filed its Motion for Remand due to Defendants' defective Notice of Removal and lack of any objectively reasonable basis for removal (Doc. 7).

### III. KBC Defendants Had No Objectively Reasonable Basis To File The Notice of Removal In State Court After The Filing of the Plaintiff's Amended Complaint

After KBC Defendants realized their defects in their defective Notice of Removal of December 14, 2018, by way of the Plaintiff's Motion for Remand on December 18, 2018, the KBC Defendants then proceeded with their defective filing in state court on December 18, 2018 by way of an untimely Certificate of Service and Notice of Filing of Notice of Removal (Doc. 9)). The delay in filing in state court by KBC was unnecessary and the Notice of Removal remains defective, because the Notice of Removal of December 14, 2018, was not filed "***promptly***" in state court as required by 28 U.S.C. 1446(d). See e.g., *Colettie v. Ovaltine Food Prods.*, 274 F. Supp. 719, 723 (D.P.R. 1967) (holding that a delay of five days was not prompt).

The defective and untimely Notice of Removal by KBC was filed in state court on December 18, 2018 – and it was filed by KBC only *after* Plaintiff's Amended Complaint on December 17, 2018, and only *after* Plaintiff's Motion for Remand on December 18, 2018. Plaintiff had the right to file and structure its Amended Complaint to avoid federal jurisdiction. See e.g., *Anderson v. Bayer Corp.*, 610 F.3d 390, 393 (7th Cir. 2010). The Defendants seek removal of the action from Illinois state court to this Court on the basis of "federal question" jurisdiction and "diversity" jurisdiction – however, no such basis exists in the Amended Complaint which is pending in the Illinois state court.

### IV. Plaintiff is Entitled to Attorney's Fees Pursuant to 28 U.S.C. 1447(c)

28 U.S.C. 1447(c) provides that an "order remanding the case may require payment of just costs and any actual expenses, including attorney's fees incurred as a result of the removal". The Supreme Court held that "attorney's fees may be awarded where the removing party lacked an objectively reasonable basis for seeking removal". *Martin v. Franklin Capital Corp*., 126 S. Ct. 704, 711 (2005). This Court has a copy of the Amended Complaint from the Illinois state court, and it is clear that the KBC defendants have no objectively reasonable basis for removal from the Amended Complaint. There are no grounds for federal jurisdiction and no diversity jurisdiction and no federal question. For all the foregoing reasons, the case should be remanded to the Hon. Diane M. Shelley in the Illinois state court, with an award of attorney's fees, actual expenses, and/or just costs.

Respectfully submitted,  
s/ *Hassan A. Abbas*  
Attorney for Plaintiff  
Midamines Sprl Ltd., Illinois Corp.  
211 West Wacker Drive  
Chicago, Illinois 60606  
Tel. 312-522-7782  
Email: hassan.abbas@haa-law.com

Dated: December 20, 2018

FILED
12/17/2018 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L012435

FILED DATE: 12/17/2018 12:00 AM  2018L012435

**IN THE CIRCUIT COURT OF COOK COUNTY
ILLINOIS DEPARTMENT – LAW DIVISION**

MIDAMINES SPRL LTD.
An Illinois Corporation            No. 2018 L 012435
Plaintiff,

                                      Hon. Diane M. Shelley

v.

KBC BANK NV                       Jury Demand
Defendant.
_____/

**AMENDED COMPLAINT**

NOW COMES the Plaintiff, MIDAMINES SPRL LTD., an Illinois corporation, ("Midamines)" by and through its attorney, Hassan A. Abbas, Esq., and respectfully files its Amended Complaint, and hereby complains of the Defendant, KBC BANK NV ("KBC Bank"), a Belgian bank with a branch in New York, and alleges upon personal knowledge of the activities and occurrences, unless alleged upon information and belief as to the activities of defendants KBC Bank, and/or others, and states as follows:

**NATURE OF THE ACTION**

1. This is an action against defendant for declaratory judgment, breach of contract, commission of tortious acts in Illinois, such as conversion, transportation of stolen property, fraudulent misrepresentations, unjust enrichment, violations of the Illinois Uniform Commercial Code (IL UCC) and New York Uniform Commercial Code, (NY UCC) and related claims, arising from KBC Bank's unlawful stop payment of Plaintiff's Cashier's check, and the unlawful removal of Midamines Sprl Ltd.'s funds from the Plaintiff's Illinois bank account after final payment has been effected, and theft by KBC Bank. The causes of action are pled in the alternative, and by this action, Plaintiff seeks, *inter alia*, payment of the Cashier's check of $35,110.72, and return of the money owing to Plaintiff, with compound interest for six years, and declaratory relief, compensatory damages, restitution damages, other relevant damages, and attorney's fees and costs.

1

2. Venue is proper as the transactions or some parts thereof occurred herein this jurisdiction, out of which the cause/s of action arose, and the tortious conduct by KBC Bank occurred in Du Page County and/or Cook County, Illinois. (735 ILCS 5/Art. II Pt. 1).

3. Illinois permits its courts to exercise jurisdiction based on the Illinois Long Arm Statute and a variety of conditions which are relevant herein; such as, but not limited to: under 735 Ill. Comp. Stat. § 5/2–209(a)(2) i.e. for KBC Bank's "commission of tortious acts in Illinois"; and 735 Ill. Comp. Stat. § 5/2–209(a)(10) i.e. for KBC Bank's unlawful taking possession of Midamines Sprl Ltd.'s property located in Illinois, at the time that KBC Bank knew it unlawfully took possession of the Plaintiff's funds from Midamines Sprl Ltd.'s Illinois bank account, and "breach of contract' by KBC Bank in Illinois, and fraudulent representations by KBC Bank. The Plaintiff's injury was felt in Illinois.

## RELEVANT FACTS

4. Midamines Sprl Ltd. deposited the Cashier's check of $35,110.72 drawn on KBC Bank NV New York branch, around October 4, 2012, for payment to Plaintiff's Illinois business bank account at PNC in Illinois.

5. Initially, the Cashier's check was finally paid by KBC Bank on October 11, 2012, and the funds were credited to Midamines Sprl Ltd.'s bank account in Illinois.

6. On or around October 22, 2012, KBC Bank NV unlawfully converted and stole the Plaintiff's money, out of Midamines Sprl Ltd.'s bank account in Illinois, by way of KBC's reversing the final payment without authorization, and in violation of the banking laws and in violation of the Illinois UCC, and in breach of its contractual obligations, and by way of fraudulent misrepresentations to the Illinois bank/s and wire agent/s.

7. KBC Bank intentionally targeted Illinois, and intentionally targeted Plaintiff's funds in Illinois, as KBC knew the funds had been paid to Illinois, as KBC had inserted the bank routing numbers for payment to Illinois. KBC unlawfully removed and stole the funds.

### Count 1 – Breach of Contract

8. KBC Bank breached the contract and obligations for payment of Plaintiff's Cashier's check drawn on KBC Bank New York, for $35,110.72 USD. Plaintiff, Midamines Sprl Ltd., has performed all its obligations and conditions precedent are met. Plaintiff suffered damages a result of KBC Bank's breach of contract. Plaintiff is entitled to monetary damages.

9. Wherefore, Plaintiff respectfully requests and prays the Court order KBC Bank NV to pay the amount of $35,110.72, to Plaintiff, Midamines Sprl Ltd., plus the applicable interest, attorney's fees and costs of this litigation, and for such other relief as this Court deems just and proper.

### Count 2 - Conversion

10. In this complaint, plaintiff also alleges that Defendant KBC Bank committed the tort of conversion when it, without authorization, stole and removed $35,110.72 from Plaintiff's bank account in Illinois, and then retained the Plaintiff's funds indefinitely. Defendant committed the tort of conversion when it, without authorization and in violation of law, took Plaintiff's money and then retained the funds indefinitely.

11. Midamines Sprl Ltd., through counsel, requested return of its funds, and an amicable resolution, but KBC refuses to return Plaintiff's funds. KBC insists on being in court.

12. Defendant converted the funds. (1) Defendant KBC Bank's unauthorized and wrongful assumption of control, dominion, or ownership over Plaintiff's personal property; (2) Plaintiff's has a right in the property; (3) Plaintiff has a right to immediate possession of the property, absolutely and unconditionally; and (4) Plaintiff demanded possession of the property. See *Bill Marek's The Competitive Edge, Inc. v. Mickelson Group, Inc.*, 346 Ill. App. 3d 996, 1003 (2004).

FILED DATE: 12/17/2018 12:00 AM 2018L012435

FILED DATE: 12/17/2018 12:00 AM 2018L012435

13. The Plaintiff's funds of $35,110.72 are described, identified, or segregated in a specific manner. Plaintiff is entitled to its own funds.

14. Wherefore, Plaintiff respectfully requests and prays the Court order KBC Bank NV to pay the amount of $35,110.72, to Plaintiff, Midamines Sprl Ltd., plus the applicable interest, attorney's fees and costs of this litigation, and for such other relief as this Court deems just and proper.

**Count 3 – Unjust Enrichment**

15. The Illinois Supreme Court recognizes unjust enrichment as an independent cause of action. See *Raintree Homes, Inc. v. Vill. of Long Grove,* 807 N.E.2d 439, 445 (Ill. 2004), The basis for Plaintiff's claim is restitution to prevent unjust enrichment. Plaintiff seeks to recover its funds, unlawfully stolen and withheld by defendant KBC Bank. KBC knew Plaintiff's funds were located at the Plaintiff's Illinois bank account at PNC. KBC received the benefit, i.e. Plaintiff's funds from PNC, a third party, but these funds and benefits should be paid to Plaintiff as the funds belong to Midamines Sprl Ltd.

16. KBC Bank received money and benefits that KBC should never have received and the KBC should not have retained. The Plaintiff claims restitution. The Illinois Supreme Court articulated the elements of unjust enrichment without a separate underlying claim in tort, contract, or statute. *See HPI Health Care Servs.,* 545 N.E.2d at 679.

17. Wherefore, Plaintiff respectfully requests and prays the Court order KBC Bank NV to pay the amount of $35,110.72, to Plaintiff, Midamines Sprl Ltd., plus the applicable interest, attorney's fees and costs of this litigation, and for such other relief as this Court deems just and proper.

**Count 4 – Declaratory Judgment**

18. Plaintiff seeks a declaration of its rights, and declaratory judgment, as Midamines Sprl Ltd. has a right to possession of its funds of $35,110.72.

4

19. Midamines Sprl Ltd. has a superior right to possess its funds than KBC Bank NV and who has no right to the funds. KBC Bank has unlawfully withheld the Plaintiff's money. Defendant KBC Bank NV has no claim to the funds and no right to possess the funds at issue which belong to Plaintiff Midamines Sprl Ltd.

20. Wherefore, Plaintiff respectfully requests and prays the Court order KBC Bank NV to pay the amount of $35,110.72, to Plaintiff, Midamines Sprl Ltd., plus the applicable interest, attorney's fees and costs of this litigation, and for such other relief as this Court deems just and proper.

### Count 5 – KBC Bank's Violations of The Uniform Commercial Code

21. KBC violated the Illinois laws, and banking rules, and KBC violated the Illinois Uniform Commercial Code (IL UCC), 810 ILCS 5/4-302, and 810 ILCS 5/4-215. KBC Bank also violated similar provisions of the New York Uniform Commercial Code (NY UCC)).

22. The "*Midnight Deadline Rule*" and "*Final Payment Rule*" of the Uniform Commercial Code hold that once a check is deposited, and midnight of the second business day after deposit has passed, the check is deemed finally paid and the bank is liable for full payment.

23. KBC violated the Illinois Uniform Commercial Code "final payment" rule and "midnight deadline" rule. The Plaintiff's Cashier's check was deposited October 4, 2012, and finally paid October 11, 2012, and then the funds were unlawfully removed and stolen by KBC on October 22, 2012, beyond the midnight deadline and after final payment. KBC is liable for full payment of Plaintiff's Cashier's check drawn on KBC Bank NV.

24. Wherefore, Plaintiff respectfully requests and prays the Court order KBC Bank NV to pay the amount of $35,110.72, to Plaintiff, Midamines Sprl Ltd., plus the applicable interest, attorney's fees and costs of this litigation, and for such other relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Midamines Sprl Ltd., respectfully seeks judgment in its favor, and against the defendant KBC Bank NV, and respectfully prays that the Court:

(1) Order KBC Bank NV to pay the amount of $35,110.72, to Plaintiff, Midamines Sprl Ltd., plus the applicable interest, attorney's fees and costs of this litigation.

(2) Declaratory Judgment that Plaintiff has the right to possess its funds of $35,110.72, plus interest, attorney's fees and costs.

(3) Plaintiff seeks compensatory damages, restitution damages, and all other relevant damages applicable herein.

(4) For such other relief as this Court deems just and proper.

Trial by Jury is demanded.

Dated: December 16, 2018

Respectfully Submitted,

FOR PLAINTIFF,

**MIDAMINES SPRL LTD.**

/s/ Hassan A. Abbas

Hassan A. Abbas
Attorney and Counselor at Law
211 West Wacker Drive
Suite 300-3rd Floor
Chicago, Illinois 60606
Tel. (312) 522-7782