IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIDAMINES SPRL LTD.<br>An Illinois Corporation<br>Plaintiff,<br><br>v.<br><br>KBC BANK NV<br>Defendant.<br>_____/ | Case No. 18-cv-8226<br><br>Hon. John J. Tharp, Jr.<br><br>Jury Demand |

**AMENDED COMPLAINT**

NOW COMES the Plaintiff, MIDAMINES SPRL LTD., an Illinois corporation, ("Midamines)" by and through its attorney, Hassan A. Abbas, Esq., and pursuant to Rule 15 (a) (1) (B), of the Federal Rules of Civil Procedure (F.R.C.P.), hereby respectfully submits its Amended Complaint, as of right, against KBC Bank NV ("KBC"), and (note: KBC Group NV is not a defendant in the Amended Complaint herein), and Plaintiff states as follows:

**NATURE OF THE ACTION**

1. This is an action against defendant for breach of contract, commission of tortious acts in Illinois, such as conversion, transportation of stolen property, fraudulent misrepresentations, unjust enrichment, violations of the Illinois Uniform Commercial Code (IL UCC) and New York Uniform Commercial Code, (NY UCC) and related claims, arising from KBC Bank's unlawful stop payment of Plaintiff's Cashier's check, and the unlawful removal of Midamines Sprl Ltd.'s funds from the Plaintiff's Illinois bank account after final payment has been effected, and theft of funds by KBC Bank. The causes of action are pled in the alternative, and by this action, Plaintiff seeks, *inter alia*, payment of the Cashier's check of $35,110.72, and return of the money owing to Plaintiff, with compound interest for six years, and declaratory relief, compensatory damages, restitution damages, other relevant damages, and attorney's fees and costs.

2. Venue is proper as the transactions or some parts thereof occurred herein this jurisdiction, out of which the cause/s of action arose, and the tortious conduct by KBC Bank occurred in Du Page County and/or Cook County, Illinois. (735 ILCS 5/Art. II Pt. 1).

3. Illinois permits its courts to exercise jurisdiction based on the Illinois Long Arm Statute and a variety of conditions which are relevant herein; such as, but not limited to: under 735 Ill. Comp. Stat. § 5/2–209(a)(2) i.e. for KBC Bank's "commission of tortious acts in Illinois"; and 735 Ill. Comp. Stat. § 5/2–209(a)(10) i.e. for KBC Bank's unlawful taking possession of Midamines Sprl Ltd.'s property located in Illinois, at the time that KBC Bank knew it unlawfully took possession of the Plaintiff's funds from Midamines Sprl Ltd.'s Illinois bank account, and "breach of contract' by KBC Bank in Illinois, and fraudulent representations by KBC Bank. The Plaintiff's injury was felt in Illinois.

## RELEVANT FACTS

4. Midamines Sprl Ltd. deposited the Cashier's check of $35,110.72 drawn on KBC Bank NV New York branch, around October 4, 2012, for payment to Plaintiff's Illinois business bank account at PNC in Illinois.

5. Initially, the Cashier's check was finally paid by KBC Bank on October 11, 2012, and the funds were credited to Midamines Sprl Ltd.'s bank account in Illinois.

6. On or around October 22, 2012, KBC Bank NV unlawfully converted and stole the Plaintiff's money, out of Midamines Sprl Ltd.'s bank account in Illinois, by way of KBC's reversing the final payment without authorization, and in violation of the banking laws and in violation of the Illinois UCC, and in breach of its contractual obligations, and by way of fraudulent misrepresentations to the Illinois bank/s and wire agent/s.

7. KBC Bank intentionally targeted Illinois, and intentionally targeted Plaintiff's funds in Illinois, as KBC knew the funds had been paid to Illinois, as KBC had inserted the bank routing numbers for payment to Illinois. KBC unlawfully removed and stole the funds.

## CAUSES OF ACTION

### Count 1 – Breach of Contract

8. KBC Bank breached the contract and obligations for payment of Plaintiff's Cashier's check drawn on KBC Bank New York, for $35,110.72 USD. Plaintiff, Midamines Sprl Ltd., has performed all its obligations and conditions precedent are met. Plaintiff suffered damages a result of KBC Bank's breach of contract. Plaintiff is entitled to damages.

9. Wherefore, Plaintiff respectfully requests and prays the Court order KBC Bank NV to pay the amount of $35,110.72, to Plaintiff, Midamines Sprl Ltd., plus the applicable interest, attorney's fees and costs of this litigation, and for such other relief as this Court deems just and proper.

### Count 2 - Conversion

10. In this complaint, plaintiff also alleges that Defendant KBC Bank committed the tort of conversion when it, without authorization, stole and removed $35,110.72 from Plaintiff's bank account in Illinois, and then retained the Plaintiff's funds indefinitely. Defendant committed the tort of conversion when it, without authorization and in violation of law, took Plaintiff's money and then retained the funds indefinitely.

11. Midamines Sprl Ltd., through counsel, requested return of its funds, and an amicable resolution, but KBC refuses to return Plaintiff's funds. KBC insists on being in court.

12. Defendant converted the funds. (1) Defendant KBC Bank's unauthorized and wrongful assumption of control, dominion, or ownership over Plaintiff's personal property; (2) Plaintiff's has a right in the property; (3) Plaintiff has a right to immediate possession of the property, absolutely and unconditionally; and (4) Plaintiff demanded possession of the property. See *Bill Marek's The Competitive Edge, Inc. v. Mickelson Group, Inc.*, 346 Ill. App. 3d 996, 1003 (2004).

13. The Plaintiff's funds of $35,110.72 are described, identified, or segregated in a specific manner. Plaintiff is entitled to its own funds.

14. Wherefore, Plaintiff respectfully requests and prays the Court order KBC Bank NV to pay the amount of $35,110.72, to Plaintiff, Midamines Sprl Ltd., plus the applicable interest, attorney's fees and costs of this litigation, and for such other relief as this Court deems just and proper.

**Count 3 – Unjust Enrichment**

15. The Illinois Supreme Court recognizes unjust enrichment as an independent cause of action. See *Raintree Homes, Inc. v. Vill. of Long Grove,* 807 N.E.2d 439, 445 (Ill. 2004), The basis for Plaintiff's claim is restitution to prevent unjust enrichment. Plaintiff seeks to recover its funds, unlawfully stolen and withheld by defendant KBC Bank. KBC knew Plaintiff's funds were located at the Plaintiff's Illinois bank account at PNC. KBC received the benefit, i.e. Plaintiff's funds from PNC, a third party, but these funds and benefits should be paid to Plaintiff as the funds belong to Midamines Sprl Ltd.

16. KBC Bank received money and benefits that KBC should never have received and the KBC should not have retained. The Plaintiff claims restitution. The Illinois Supreme Court articulated the elements of unjust enrichment without a separate underlying claim in tort, contract, or statute. *See HPI Health Care Servs.,* 545 N.E.2d at 679.

17. Wherefore, Plaintiff respectfully requests and prays the Court order KBC Bank NV to pay the amount of $35,110.72, to Plaintiff, Midamines Sprl Ltd., plus the applicable interest, attorney's fees and costs of this litigation, and for such other relief as this Court deems just and proper.

**Count 4 – Declaratory Judgment**

18. Plaintiff seeks a declaration of its rights, and declaratory judgment, as Midamines Sprl Ltd. has a right to possession of its funds of $35,110.72.

19. Midamines Sprl Ltd. has a superior right to possess its funds than KBC Bank NV and who has no right to the funds. KBC Bank has unlawfully withheld the Plaintiff's money. Defendant KBC Bank NV has no claim to the funds and no right to possess the funds at issue which belong to Plaintiff Midamines Sprl Ltd.

20. Wherefore, Plaintiff respectfully requests and prays the Court order KBC Bank NV to pay the amount of $35,110.72, to Plaintiff, Midamines Sprl Ltd., plus the applicable interest, attorney's fees and costs of this litigation, and for such other relief as this Court deems just and proper.

**Count 5 – KBC Bank's Violations of The Uniform Commercial Code**

21. KBC violated the Illinois laws, and banking rules, and KBC violated the Illinois Uniform Commercial Code (IL UCC), 810 ILCS 5/4-302, and 810 ILCS 5/4-215. KBC Bank also violated similar provisions of the New York Uniform Commercial Code (NY UCC)).

22. The "*Midnight Deadline Rule*" and "*Final Payment Rule*" of the Uniform Commercial Code hold that once a check is deposited, and midnight of the second business day after deposit has passed, the check is deemed finally paid and the bank is liable for full payment.

23. KBC violated the Illinois Uniform Commercial Code "final payment" rule and "midnight deadline" rule. The Plaintiff's Cashier's check was deposited October 4, 2012, and finally paid October 11, 2012, and then the funds were unlawfully removed and stolen by KBC on October 22, 2012, beyond the midnight deadline and after final payment. KBC is liable for full payment of Plaintiff's Cashier's check drawn on KBC Bank NV.

24. Wherefore, Plaintiff respectfully requests and prays the Court order KBC Bank NV to pay the amount of $35,110.72, to Plaintiff, Midamines Sprl Ltd., plus the applicable interest, attorney's fees and costs of this litigation, and for such other relief as this Court deems just and proper.

**6 – Other Relevant Issues**

25. The amount demanded and in controversy is $35,110.72, exclusive of interest and costs. There are no federal questions and no RICO claims. The various claims in this Amended Complaint conform to the complaint in state court. The claims are governed by state law.

26. Plaintiff has a right to remand to state court due to KBC's defects in the removal procedure (See Doc. 7) and there is no federal question – and no diversity jurisdiction – as the amount in controversy is less than $75,000 exclusive of interest and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Midamines Sprl Ltd., respectfully seeks judgment in its favor, and against the defendant KBC Bank NV, and respectfully prays that the Court:

(1) Order KBC Bank NV to pay the amount of $35,110.72, to Plaintiff, Midamines Sprl Ltd., plus the applicable interest, attorney's fees and costs of this litigation.

(2) Declaratory Judgment that Plaintiff has the right to possess its funds of $35,110.72, plus the applicable interest, attorney's fees and costs.

(3) Plaintiff seeks compensatory damages, restitution damages, and all other relevant damages applicable herein.

(4) For such other relief as this Court deems just and proper.

Trial by Jury is demanded.

Respectfully Submitted,                                                                 Dated: December 28, 2018

FOR PLAINTIFF,
**MIDAMINES SPRL LTD.**

*/s/ Hassan A. Abbas*
Hassan A. Abbas
Attorney and Counselor at Law
211 West Wacker Drive
Suite 300-3rd Floor
Chicago, Illinois 60606
Tel. (312) 522-7782
Email: hassan.abbas@haa-law.com