IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIDAMINES SPRL LTD. (Ill. Corp.), | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 CV 01489 |
| | ) | |
| v. | ) | No. 18 CV 08226 |
| | ) | |
| KBC BANK N.V. and | ) | Judge John J. Tharp, Jr. |
| KBC GROUP N.V., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, the motions filed by KBC Bank N.V. and KBC Group N.V. ("KBC") to dismiss Midamines SPRL Ltd.'s ("Midamines") amended complaints in cases 18-cv-1489 [10] and 18-cv-8226 [20] are granted, and KBC's motion for sanctions in case 18-cv-1489 [15] is denied. Although the dismissals are without prejudice to the merits of the claims, Midamines may not reassert the claims in the Northern District of Illinois. Civil cases terminated.

## STATEMENT

The facts regarding nearly all of the conduct alleged in the complaints at issue and a summary of the six years of litigation history between Midamines and KBC and are set forth in this Court's opinion in a prior case dismissing Midamines' complaint against KBC for lack of personal jurisdiction. *See Midamines SPRL Ltd. v. KBC Bank N.V.*, No. 16-cv-9429, 2018 WL 439211 (N.D. Ill. Jan. 16, 2018) (the "First Illinois Case"), Am. Mem. Op., ECF No. 55. In that opinion, this Court also ruled on most of the arguments the parties raise against and in support of the assertion of personal jurisdiction over KBC. *Id.* This Court will not rehash those facts or procedural history here, which are incorporated by reference, nor will it re-open the personal jurisdiction questions on which it ruled when dismissing that complaint.

Midamines filed a motion for reconsideration of the dismissal order in the First Illinois Case, which this Court denied. *See* First Illinois Case, Pl.'s Mot. to Reconsider, ECF No. 57; Minute Entry denying Pl.'s Mot. to Reconsider, ECF No. 59. In its motion to reconsider, Midamines included arguments that it did not raise during briefing on the motion to dismiss in the First Illinois Case but that it raises here, namely, that this Court has personal jurisdiction over KBC pursuant to RICO's authorization of nationwide service of process and the operation of Federal Rule of Civil Procedure 4(k). *See* First Illinois Case, Pl.'s Mot. to Reconsider 2–4, ECF No. 57. This Court explained its denial of Midamines' motion to reconsider:

> [T]he Court declines to consider Madimines' arguments that personal jurisdiction over KBC may be exercised under Federal Rules of Civil Procedure 4(k)(1) and (2). Midamines has waived these arguments as it elected not to raise them in its initial briefing.

> *See Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end . . . ."); *see also Palmer v. Marion County*, 327 F.3d 588, 597–98 (7th Cir. 2003) (explaining that arguments not raised in initial motions or responses are waived).

First Illinois Case, Minute Entry denying Pl.'s Mot. to Reconsider, ECF No. 59. Midamines did not appeal the judgment entered against it in the First Illinois Case.

    A few weeks after the motion to reconsider the dismissal order was denied in the First Illinois Case, Midamines filed in the Northern District of Illinois one of the two cases currently at bar, *Midamines v. KBC Bank N.V.*, No. 18-cv-01489 (N.D. Ill. Feb. 28, 2018) (the "Second Illinois Case"). Midamines' amended complaint in the Second Illinois Case largely reprises the allegations made in the complaint dismissed in the First Illinois Case, but Midamines adds allegations regarding allegedly unlawful transfers of funds made by KBC from 2009 to 2012, including a $1.25 million transfer of funds from a Midamines bank account in March 2012, and asserts an entitlement to relief under RICO. *Compare* First Illinois Case, Compl., ECF No. 1 (alleging that KBC failed to honor $35,110 and €56,414 bank checks), *with* Second Illinois Case, Am. Compl. ¶¶ 4, 59, ECF No. 4 (making similar allegations regarding KBC's failure to honor $35,110 and €56,414 bank checks, but adding allegations regarding KBC's involvement in unauthorized transfer of $1.25 million of Midamines' funds and asserting entitlement to relief under RICO).[1] KBC promptly moved to dismiss the Second Illinois Case on a variety of grounds, including lack of personal jurisdiction. *See* Second Illinois Case, Mem. of Law in Supp. of Defs.' Mot. to Dismiss the Am. Compl., ECF No. 11. KBC also moved for entry of a filing bar as a sanction against Midamines' vexatious litigation. *See* Second Illinois Case, Defs.' Mot. for a Filing Bar Sanction, ECF No. 15.[2]

---

[1] As will be discussed further below, Midamines had previously asserted a substantially similar RICO claim, based on the same allegations it makes in the Second Illinois Case, in a 2012 complaint Midamines filed in New York. *See Midamines SPRL Ltd. v. KBC Bank N.V.*, No. 12-cv-8089 (S.D.N.Y Nov. 7, 2012), Compl. ¶¶ 13–15, 23, 27, 49, ECF No. 1 (asserting entitlement to relief under RICO and alleging that KBC failed to honor $35,110 and €56,414 bank checks and that KBC was involved in unauthorized transfer of $1.25 million of Midamines' funds).

[2] The civil cover sheet in the Northern District of Illinois requires a plaintiff's counsel to specify whether the case is a refiling of a previously dismissed action involving the same parties and relating to the same subject matter. *See* ILND 44 Civil Cover Sheet, Section X (Rev. 09/07/18), available at https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_online/civil_cover_sheet%20Fillable%20revised%207.10.17.pdf; *see also* Local Rules 3.1(a) (requiring plaintiff's counsel to file civil cover sheet), 40.3(b)(2) (requiring that civil cover sheet indicate case number of previously dismissed case and judge to whom it was assigned). Midamines' counsel, Hassan Abbas, did not include a cover sheet with his filing. Due to the omission of the cover sheet, the Second Illinois Case was erroneously assigned to the docket of another judge before being re-assigned to this Court (Tharp, J.). *See* Second Illinois Case, Minute Entry dated June 5, 2018, ECF No. 30 ("The

In early December, shortly after the completion of briefing on KBC's motion to dismiss in the Second Illinois Case, Midamines filed another case, this time in the Circuit Court of Cook County, which KBC removed to this Court. *See Midamines v. KBC Bank N.V.*, No. 18-cv-8226 (N.D. Ill. Dec. 14, 2018) (the "Third Illinois Case"). The original complaint in the Third Illinois case also asserted a RICO claim but Midamines subsequently filed an amended complaint that dropped the RICO claim. *See* Third Illinois Case, Notice of Removal, Ex. A, Verified Complaint ¶¶ 9–18, ECF No. 1-1; Am. Compl., ECF No. 19.[3] On January 9, 2019, this Court denied Midamines' motion to remand the Third Illinois Case and granted KBC's motion to consolidate it with the Second Illinois Case. *See* Third Illinois Case, Minute Entry, ECF No. 22. The Second and Third Illinois Cases are the consolidated cases currently before this Court.

Two days after this Court denied Midamines' motion to remand the Third Illinois Case, Midamines filed yet another complaint in Cook County Circuit Court (the "Fourth Illinois Case"). *See* Second Illinois Case, Defs.' Mot. to Further Supplement Briefing in Supp. of their Mot. for a Filing Bar Sanction, ECF No. 54. As far as this Court is aware, the Fourth Illinois Case has not been removed.

KBC has moved to dismiss the complaints in the Second and Third Illinois Cases, arguing that they are virtually identical to the complaint dismissed in the First Illinois Case aside from Midamines' untimely RICO claim. *See* Second Illinois Case, Mem. of Law in Supp. of Defs.' Mot. to Dismiss the Am. Compl., ECF No. 11; *see also* Third Illinois Case, Defs.' Mot. to Dismiss Pl.'s Am. Compl., ECF No. 20. Midamines responds that this Court may exercise personal jurisdiction over KBC pursuant to Federal Rule of Civil Procedure 4(k) because RICO authorizes nationwide

---

Court finds this matter is the same as one previously before Judge Tharp and was assigned to this Court in error."); *see also* Second Illinois Case, Executive Committee Order dated June 5, 2018, ECF No. 31 (re-assigning case to Tharp, J.). KBC maintains that the omission of the cover sheet was intentional, but the Court notes that KBC itself failed to note the omission and proceeded as if the case had been properly assigned to Judge Coleman without raising the issue. On this record, the Court cannot conclude that Midamines' failure to submit a cover sheet with its complaint represented an intentional effort to avoid the assignment of the Second Illinois Case to this Court.

[3] In an effort to avoid removal, Midamines attempted to file an amended complaint that dropped the RICO claim and limited its claims to recovery on a check involving only about $35,000, below the jurisdictional threshold, but the case had been removed before the amended complaint was filed, making the state court filing ineffective. Midamines subsequently filed its amended complaint in this Court as well, but that filing did not deprive the Court of jurisdiction, which is premised on the state of affairs at the time of removal.

service of process,[4] KBC maintains an office in New York, and KBC waived service.[5] *See* Second Illinois Case, Pl.'s Opp'n to Mot. to Dismiss, ECF No. 36; *see also* Third Illinois Case, Pl.'s Supplemental Resp. and Opp'n to Mot. to Dismiss, ECF No. 23.

The amended complaint in the Third Illinois Case, ECF No. 19, is dismissed because the same personal jurisdictional analysis applies to facts that are essentially unchanged from those that the Court considered when it dismissed the complaint for lack of personal jurisdiction in the First Illinois Case. *See Midamines SPRL Ltd. v. KBC Bank N.V.*, No. 16-cv-9249, 2018 WL 439211 (N.D. Ill. Jan. 16, 2018) (dismissing complaint in First Illinois Case for lack of personal jurisdiction). "If a defendant appears to challenge personal jurisdiction and loses, disposition of a challenge is directly binding as a matter of res judicata. The same principle means that a ruling against personal jurisdiction is also binding by way of issue preclusion so long as the same legal standards apply to basically unchanged facts." *Sanderson v. Spectrum Labs, Inc.*, 227 F. Supp. 2d 1001, 1005 (N.D. Ind. 2000) (citing Charles A. Wright, Arthur A. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 4430 (1981)) (brackets and ellipsis omitted). The allegations in the amended complaint in the Third Illinois Case are substantively identical to those included in the complaint in the First Illinois Case. *Compare* First Illinois Case, Compl., ECF No. 1 (alleging that KBC failed to honor $35,110 and €56,414 bank checks), *with* Third Illinois Case, Am. Compl., ECF No. 19 (same as to $35,110 check). The amended complaint in the Third Illinois Case also expressly disavows any entitlement to relief under RICO. *See* Third Illinois Case, Am. Compl. ¶ 25, ECF No. 19. As Midamines disavows the assertion in that complaint of any claim premised on RICO, its argument that KBC is subject to the Court's personal jurisdiction based on RICO's authorization of nationwide service of process and the operation of Federal Rule of Civil Procedure 4(k) cannot save the amended complaint in the Third Illinois Case.

Nor can it save the Second Illinois case, even though the amended complaint in that case includes the RICO claim. Again, Midamines' attempt to invoke RICO's authorization of nationwide service of process comes too late; this Court has already held that Midamines forfeited that argument by failing to raise it in support of its claim in the First Illinois Case. *See* First Illinois Case, Minute Entry denying Pl.'s Mot. to Reconsider, ECF No. 59 (quoted *supra* at 1–2). The waiver argument is even stronger here than it was when the Court denied Midamines' motion to

---

[4] Midamines incorrectly cites the statutory provision authorizing nationwide service as 18 U.S.C. § 1965(a). *See* Second Illinois Case, Pl.'s Opp'n to Mot. to Dismiss 4, ECF No. 36. Section 1965(a), however, "deals with venue in RICO cases," *Laski v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 671 (7th Cir. 1987), not nationwide service; it is Section 1965(b) that confers jurisdiction by authorizing nationwide service when required by the ends of justice. *See also* the discussion *infra* at 5–6.

[5] Midamines' contention that the defendants waived service is based on the Waiver of Service of Summons they executed. Second Illinois Case, Form AO 399, ECF No. 3. That argument is specious. The waiver of summons expressly preserves "all defenses or objections to . . . the court's jurisdiction"; it merely waives an objection as to the lack of service. *See* Fed. R. Civ. P. 4(d)(5) ("Waiving service of a summons does not waive any objection to personal jurisdiction or to venue."); *see also Campbell ex rel. Equity Units Holders v. Am. Int'l Grp., Inc.*, 86 F. Supp. 3d 464, 475 (E.D. Va. 2015) (holding that "the waiver of summons forms explicitly reserves [sic] the party's right to challenge the court's jurisdiction").

reconsider in that lawsuit; were Midamines permitted to circumvent the denial to reconsider by simply filing new lawsuits, "some lawsuits," such as this one, "really might never end." *Frietsch*, 56 F.3d at 828; *see also In re McDonald*, 489 U.S. 180, 184 n.8 (1989) ("Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." (citation omitted)). Midamines' complaint in its 2012 New York lawsuit asserted an entitlement to relief pursuant to RICO and alleged predicate acts that are the same as those alleged in its amended complaint in the Second Illinois Case, including the allegations regarding the two bank checks and the unauthorized $1.25 million transfer of Midamines' funds. *See Midamines SPRL Ltd. v. KBC Bank N.V.*, No. 12-cv-8089 (S.D.N.Y Nov. 7, 2012), Compl. ¶¶ 13–15, 23, 47, 49, ECF No. 1. Hence, by 2012, Midamines clearly knew about the availability of a RICO cause of action based on the predicate acts alleged in the First and Second Illinois Cases but nevertheless failed to assert RICO as a basis for the assertion of personal jurisdiction over KBC at any time while the First Illinois Case was pending from 2016 until its 2018 motion to reconsider. The filing of the Second Illinois Case therefore does not lead the Court to conclude that it should revisit its previous denial of Midamines' motion to reconsider in the First Illinois Case.

Even if Midamines' nationwide service of process argument were not precluded by this Court's prior ruling, it would nevertheless fail for two additional reasons. First, as at least four Circuits have held, § 1965(b) authorizes nationwide service of process only when an "action is brought in a district court where personal jurisdiction can be established over at least one defendant." *Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1231 (10th Cir. 2006); *see also FC Inv. Grp. LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1099 (D.C. Cir. 2008); *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65 (2d Cir. 1998); *Butcher's Union Local No. 498 v. SDC Invest., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986).[6] The Seventh Circuit has not considered this qualification to § 1965(b)'s authorization of service of nationwide process, though at least one other district court in this Circuit has and found it persuasive. *See Bartlett v. Bartlett*, No. 16-CV-6595, 2017 WL 106043, *3 (N.D. Ill. Jan. 11, 2017). So too does this Court. As explained by the Second Circuit:

> Reading all of the subsections of § 1965 together, the court finds that § 1965 does not provide for nationwide personal jurisdiction over every defendant in every civil RICO case, no matter where the defendant is found. First, § 1965(a) grants personal jurisdiction over an initial defendant in a civil RICO case to the district court for the district in which that person resides, has an agent, or transacts his or her affairs. In other words, a civil RICO action can only be brought in a district court where personal jurisdiction based on minimum contacts is established as to at least one defendant.
>
> Second, § 1965(b) provides for nationwide service and jurisdiction over "other parties" not residing in the district, who may be additional defendants of any kind, including co-defendants, third party defendants, or additional counter-claim defendants. This jurisdiction is not automatic but requires a showing that the "ends

---

[6] *But see Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997) (holding that RICO authorizes nationwide service of process as to all defendants); *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 626 (4th Cir. 1997) (same).

>of justice" so require. This is an unsurprising limitation. There is no impediment to prosecution of a civil RICO action in a court foreign to some defendants if it is necessary, but the first preference, as set forth in § 1965(a), is to bring the action where suits are normally expected to be brought. Congress has expressed a preference in § 1965 to avoid, where possible, haling defendants into far flung fora.
>
>Next, § 1965(c) simply refers to service of subpoenas on witnesses. Thus, § 1965(d)'s reference to "[a]ll other process," means process other than a summons of a defendant or subpoena of a witness. This interpretation, one which gives meaning to the word "other" by reading sequentially to understand "other" as meaning "different from that already stated in subsections (a)–(c)," gives coherent effect to all sections of § 1965, and effectively provides for all eventualities without rendering any of the sections duplicative, without impeding RICO actions and without unnecessarily burdening parties.

*PT United Can*, 138 F.3d at 71–72. In view of the Court's finding that it has no personal jurisdiction over either KBC defendant, then, § 1965(b) cannot be invoked to confer personal jurisdiction on either defendant.

Finally, even if RICO's nationwide service provision did not require at least one defendant with minimum contacts with the forum, it would still not provide a basis for the exercise of personal jurisdiction over the defendants because Midamines' RICO claim is plainly time-barred. A court need not, of course, determine that a claim has merit in assessing its jurisdiction, but where a complaint plainly fails to state a colorable RICO claim, it cannot serve as the basis for permitting nationwide service of process; "[o]nly if the allegations in the Complaint state a viable RICO claim . . . would it be proper to exercise ends of justice RICO jurisdiction." *7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*, No. 13 CIV. 981 PGG, 2015 WL 1514539, at *7 n.2 (S.D.N.Y. Mar. 31, 2015) (internal quotation marks and punctuation omitted) (nationwide service of process not authorized by time-barred RICO claim). In short, it does not serve the ends of justice to permit nationwide service of a complaint that is facially deficient. Courts therefore routinely hold that they lack personal jurisdiction over RICO defendants where they conclude that the RICO claim is not viable. *See, e.g.*, *Courboin v. Scott*, 596 F. App'x 729, 733 (11th Cir. 2014) (plaintiff "has not stated a colorable federal RICO claim, so he may not rely on RICO's nationwide service-of-process provision"); *Tso v. Murray*, No. 16-CV-2480-WJM-CBS, 2018 WL 1082239, at *5 (D. Colo. Feb. 28, 2018) ("arguments pursuant to 18 U.S.C. § 1965(b) are also unavailing because Plaintiff has . . . failed to state a viable RICO claim"), *aff'd*, No. 18-1122, 2019 WL 140992 (10th Cir. Jan. 9, 2019); *Delaware Motel Assocs., Inc. v. Capital Crossing Servicing Co. LLC*, No. 17 C 1715, 2017 WL 4224618, at *7 (N.D. Ill. Sept. 22, 2017) (holding § 1965(b) inapplicable where "plaintiffs have failed to state viable RICO claims"); *In re Honey Transshipping Litig.*, 87 F. Supp. 3d 855, 871 (N.D. Ill. 2015) ("the class plaintiffs offer no authority for the proposition that a plaintiff may serve a non-resident defendant pursuant to Section 1965(b), when the underlying RICO claims are invalid").

Civil RICO actions are governed by a four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987). The "injury arising from the first predicate act to injure the plaintiff . . . starts the limitation period running, rather than the injury from the last predicate act . . . ." *Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d

6

382, 386–87 (7th Cir. 2010); *see also Foster v. Local Union 8A-28A Metal Refinishers, Painters, Sign & Display, Equip. & Auto Painters, & Allied Trades*, No. 16-cv-4174, 2017 WL 4150683, at *6 (N.D. Ill. Sept. 18, 2017) ("[O]nce two predicate acts occur and cause the plaintiff's injury, the statute of limitations [on a RICO claim] begins to run and is not tolled by later wrongdoing."). The claim accrues "when the prospective plaintiff discovers (or should if diligent have discovered) both the injury that gives rise to his claim and the injurer." *Jay E. Hayden Found.*, 610 F.3d at 387.

Midamines alleges KBC committed multiple predicate acts in 2012 or earlier, including the allegedly unlawful transfer of $1.25 million of Midamines' funds in March 2012 and allegedly unlawful acts relating to the $35,110 and €56,414 bank checks in late 2012. *See* Second Illinois Case, Am. Compl. ¶ 59, ECF No. 4. Midamines had also discovered the alleged injury and injurer by 2012 because its counsel wrote to KBC in 2011 and 2012 "as to the fraud and theft issues." *Id.* ¶ 9. Indeed, it is pellucid that Midamines was aware that a RICO cause of action had accrued because it asserted an entitlement to relief under RICO in its 2012 New York lawsuit. *See Midamines SPRL Ltd. v. KBC Bank N.V.*, No. 12-cv-8089 (S.D.N.Y Nov. 7, 2012), Compl. ¶ 49, ECF No. 1. Counting four years from 2012 when Midamines was aware of predicate acts and the availability of a RICO cause of action, that cause of action was clearly time-barred when Midamines filed its complaints in the Second and Third Illinois Cases in 2018.

Contrary to Midamines' assertions, neither Federal Rule of Civil Procedure 3 nor the Illinois Savings Statute, 735 ILCS 5/13-217, tolled the statute of limitations while Midamines' previous lawsuits were pending in New York and Illinois. The "Illinois savings statute is inapplicable" to a RICO claim because RICO is "a federal cause of action with a federally defined statute of limitations." *Lakin v. Skaletsky*, No. 08-cv-843, 2008 WL 4662846, at *5 (N.D. Ill. Oct. 15, 2008). And where, as here,[7] a "suit is dismissed without prejudice, meaning that it can be refiled, [the] tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000). While Federal Rule of Civil Procedure 3 may apply "to toll a state statute of limitations which governs a federal cause of action," *Sentry Corp. v. Harris*, 802 F.2d 229, 246 (7th Cir. 1986), Midamines' RICO claim is governed by a federal, not a state, statute of limitations.

For all of these reasons, the Court lacks personal jurisdiction over the KBC defendants and the Second and Third Illinois cases must therefore be dismissed.

KBC has also moved to impose a filing bar sanction against Midamines and its counsel, Hassan Abbas, arguing that their vexatious litigation tactics, such as the filing of duplicative lawsuits, seem to be accelerating. *See* Second Illinois Case, Mem. of Law in Supp. of Defs.' Mot. for a Filing Bar Sanction, ECF No. 16. Midamines responds that this Court dismissed the complaint in the First Illinois Case without prejudice and that his claims are not frivolous. *See* Second Illinois Case, Pl.'s Opp'n to Mot. for Filing Bar, ECF No. 27.

---

[7] The Court's dismissal order in the First Illinois Case was amended to clarify that the dismissal was without prejudice to refiling in an appropriate forum. *See* First Illinois Case, Am. Mem. Op. 19, ECF No. 55. The 2012 New York lawsuit was also dismissed without prejudice. *See* Second Illinois Case, Pl.'s Opp'n to Mot. for Filing Bar 10, ECF No. 27.

While the Court understands KBC's frustration with Midamines' litigation tactics, it concludes that sanctions are not presently warranted. Even if unmeritorious here, the argument that RICO's nationwide service provision can bring a party within a court's personal jurisdiction is not frivolous, and Midamines did not file the Third Illinois Case in this Court; rather, it was removed by the defendants. The Court does, however, warn Midamines that it may not reassert any claims included in the First, Second, and Third Illinois Cases in the Northern District of Illinois. In that sense, the dismissal of all three cases is with prejudice. The complaints in those cases cannot be amended or refiled in this District; the cases are over in this District. Moreover, the relief KBC requests in its motion for sanctions is effectively provided by this Court's rulings that this Court lacks personal jurisdiction over KBC for the claims asserted in the First, Second, and Third Illinois Cases. In any duplicative lawsuits—whether currently pending or not yet filed—other Illinois courts may of course consider any estoppel effect of this opinion and this Court's rulings. Further, any additional complaint Midamines or Abbas brings in any Illinois court relating to these allegations against KBC is likely to be deemed frivolous and may result in an award of sanctions by such court.

Dated: March 14, 2019

_____
John J. Tharp, Jr.
United States District Judge